Filed 8/28/23  P. v. Robinson CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RUSLEY ROBINSON, JR.,<br><br>     Defendant and Appellant. | C092166<br><br>(Super. Ct. No. CRF956265)<br><br>OPINION ON TRANSFER |

This appeal arises from the trial court's resentencing of defendant Rusley Robinson, Jr., pursuant to Penal Code section 1170, subdivision (d)(1).  In his original appeal, we appointed counsel to represent defendant and his appointed counsel asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant filed a supplemental brief raising claims related solely to the validity of the underlying convictions, long since final, including challenges to the propriety of the information and complaint and lack of subject matter jurisdiction.  He raised no claims as to the resentencing.  We dismissed that appeal.

The Supreme Court granted defendant's petition for review and transferred this case back to us with directions to vacate our prior decision and reconsider this case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We vacated our decision.

On June 5, 2023, we notified defendant: 1) counsel had filed a brief indicating no arguable issues had been identified by counsel; 2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and 3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

### DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
DUARTE, J.

2